QUESTION:
Is it legal for police officers to exercise their police powers in two jurisdictions?
SUMMARY:
A police officer may exercise his police powers outside the territorial limits of his municipality under certain limited circumstances, such as when in fresh pursuit or when summoned by another officer. However, if a municipality is to routinely utilize a police officer, who is employed by another municipality, there must be compliance with the provisions of s. 4, Art. VIII, State Const., including the approval of the electorate of the municipality.
Previous Attorney General Opinions have outlined circumstances in which a police officer may exercise police power outside the territorial limits of his municipality. In AGO 073-59 this office noted that s. 901.25, F. S., gives a municipal police officer the authority to make fresh pursuit arrests outside of his municipality but within the same county. It was opined that, if in the course of such pursuit or after an arrest following the pursuit, a person knowingly obstructs the officer, contrary to ss.843.01 and 843.02, F. S., the officer may arrest such person even though he is outside the officer's municipality. And, in AGO's 056-29 and 060-9, it was noted that a municipal police officer, in response to a request from a highway patrolman or deputy sheriff, has the authority, pursuant to s. 901.18, F. S., to assist the summoning officer in effecting an arrest outside his municipality's boundaries.
Thus, the answer to your question is `yes.' Police officers may exercise their police powers in two jurisdictional limits, although only in certain narrowly prescribed circumstances. However, from the factual context out of which your question arose, it appears that what you really seek to know is whether a municipality may on a regular basis utilize a police officer employed by another municipality to enforce its own laws.
You informed me that Melbourne Village police officers took oaths of office in West Melbourne, and that West Melbourne police officers took oaths of office in Melbourne Village. Coordinated schedules were established and police officers routinely patrolled in both municipalities. There appear to be no statutory or constitutional prohibitions against what you have attempted to accomplish. However, the method used to achieve the goal is insufficient. More is needed than merely requiring police officers to take oaths of office.
Under s. 4, Art. VIII, State Const., any function or power of a county, municipality, or special district `may be transferred to or contracted to be performed by another county, municipality or special district, after approval by vote of the electors of the transferor and approval by vote of the electors of the transferee. . . .' As was said in AGO 074-220:
 . . . [U]nder this constitutional authority, with electorate approval, each city could contract with the other for the performance of law enforcement duties by its police officers in the other city, under the general supervision of a board composed of the chiefs of police of each city. Under such a plan, the integrity of the police forces of each city would be maintained; and as the policemen of one city would be enforcing the laws of the other city under contractual authority expressly authorized by the constitution, no charge of unlawful delegation of authority could be made.
Thus, your question, as restated, is also answered in the affirmative, but with the proviso that the requirements of s. 4, Art. VIII, State Const., be met.
Prepared by: Charles F. McClamma Assistant Attorney General